# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID E. SWEED,** | § | |
|     **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-10-CA-393-LY** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
|     **Respondent.** | § | |

## <u>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

To:    The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Document 10); and Petitioner's response thereto (Document 12). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

# I.  STATEMENT OF THE CASE

**A.**    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Washington County, Texas in cause number 14,907.  Petitioner was charged with aggravated sexual assault of a child, to which he entered a plea of not-guilty to a jury.  On September 7, 2007, the jury found Petitioner guilty and assessed punishment of 45 years imprisonment.

Petitioner's conviction was affirmed by the Fourteenth Court of Appeals on October 30, 2008.  Sweed v. State, No. 14-07-00772-CR, 2008 WL 4735221 (Tex. App. – Houston 2008).  On January 14, 2009, the Texas Court of Criminal Appeals dismissed Petitioner's petition for discretionary review as untimely filed.  Sweed v. State, PDR No. 1702-08.  Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.  Petitioner did, however, challenge his conviction in a state application for habeas corpus relief.  Petitioner filed his state application on October 26, 2009.  The Texas Court of Criminal Appeals denied the application without written order on January 6, 2010.  Ex parte Sweed, Appl. No. 73,112-01.  On January 22, 2010, the Texas Court of Criminal Appeals received Petitioner's "Motion for Further Rehearing," and on January 25, 2010, determined that no action would be taken on this motion.

**B.**    **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    Trial counsel provided ineffective assistance in failing to:

        a.    investigate the location of the assault;

        b.    investigate Jerline Griffin, a State witness who provided false testimony;

2

      c.      lay the proper predicate to introduce evidence impeaching Jerline Griffin; and

      d.      strike a biased juror who worked at the school the victim attended;

2.      The evidence was insufficient to support his conviction;

3.      The trial court violated Petitioner's confrontation clause rights by limiting cross examination of Jerline Griffin that was intended to impeach her credibility;

4.      Petitioner's conviction is void as it is based on Jerline Griffin's perjured testimony; and

5.      The victim presented perjured testimony.

**C.      Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Rather Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## II. DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.    Application

Petitioner's conviction became final, at the latest, on December 1, 2008, at the conclusion of time during which he could have appealed his conviction.  See TEX. R. APP. P. 26.2(a).  Although Petitioner filed a petition for discretionary review on January 14, 2009, the Texas Court of Criminal Appeals dismissed the petition as untimely filed.  Sweed v. State, PDR No. 1702-08.

At the time Petitioner filed his state application on October 26, 2009, only 36 days remained of the one-year limitations period.  The Texas Court of Criminal Appeals denied Petitioner's application on January 6, 2010, and indicated no action would be taken on Petitioner's Motion for Further Rehearing on January 25, 2010.  Petitioner did not execute his federal application until May 28, 2010, after the limitations period had expired.

Petitioner argues he is actually innocent of the crime for which he was convicted.  However, the one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted.  As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period.  Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).  The Fifth Circuit has previously held that such claims do not.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent.");

4

Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of October, 2010.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE